UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CAROLYN JUNE GREIS,
          Plaintiff,                        **ORDER**
      v.                                  19-CV-815

COMMISSIONER OF SOCIAL SECURITY,
          Defendant.

## Background

Plaintiff, Carolyn June Greis, brought this action pursuant to Title II and Tile XVI of the Social Security Act seeking review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for social security disability insurance benefits and social security income. ECF No. 1.

On October 29, 2019, plaintiff's counsel filed a motion to substitute party requesting that this Court issue an order substituting plaintiff's spouse, Kerry Herr, for plaintiff. (ECF No. 10). The Commissioner's position regarding plaintiff's motion is unknown.

## Discussion

Rule 25(a)(1) of the Federal Rules of Civil Procedure permits substitution of a party for a deceased party if: (1) the claim of a deceased party survives that party's death; (2) the individual seeking to be substituted is a "proper party"; and (3) the motion for substitution is made within "90 days after service of a statement noting the death." Fed. R. Civ. P. 25(a).

1) <u>Survival of plaintiff's claims</u>

The regulations provide that if an individual dies before any payment of social security benefits is made, such benefits can be made to the surviving spouse. 20 C.F.R. § 404 (d)(1); *see also Perlow v. Comm'r of Soc. Sec.*, No. 10-CV-1661(SLT), 2010 WL 4699871, at *1 (E.D.N.Y. Nov. 10, 2010) ("[T]he Act expressly provides for Plaintiff's Social Security benefits to be paid to

1

his survivors in the event he dies before collecting his underpayments.") (internal citation omitted). Therefore, plaintiff's claims survive her death.

### 2) Timeliness of motion

The Federal Rules of Civil Procedure provide that the motion for substitution must be made within 90 days of "service of a statement noting the death." Fed. R. Civ. P. 25(a)(1). "[C]ourts have construed a motion for substitution to be a notice of death when a party's death is first mentioned in the substitution motion." *Worrell v. Colvin*, No. 1:12-CV-3386(ENV), 2013 WL 3364373, at *1 (E.D.N.Y. July 3, 2013)(citations omitted). Here, plaintiff's counsel first informed the Court of plaintiff's death on November 29, 2019 when she filed her motion and attached plaintiff's certificate of death as an exhibit. ECF No. 10. Accordingly, the Court finds that the motion to substitute was timely filed.

### 3) Proper party for substitution

"A 'proper party' for substitution is either a 'representative of the deceased party's estate' or a 'successor of the deceased party.'" *Perlow*, 2010 WL 4699871, at *2 (*citing Garcia v. City of New York*, No. CV 08-2152(RRM)(MDG), 2009 WL 261365, at *1 (E.D.N.Y. Feb. 4, 2009)). Courts typically look to state law to determine whether a person is a proper "successor or representative" of the decedent. A "representative" is a person who has received letters to administer the estate of a decedent, usually the appointed administrator or executor of the decedent's estate. N.Y. E.P.T.L. § 1–2.13 (McKinney). A "successor" of the deceased party is a "distributee" of the decedent's estate where the estate has been distributed at the time the motion for substitution is made." *Garcia*, 2009 WL 261365, at *1 (internal citations omitted).

Here, plaintiff's counsel asserts that plaintiff was married to Kerry Herr at the time of death. However, Ms. Herr has not demonstrated that she is a proper party to be substituted at this juncture.

2

Neither counsel's affirmation, not Ms. Kerr's affidavit, contain proof establishing that Ms. Kerr was granted testamentary letters of administration regarding the estate of her spouse, Carolyn June Greis, or that Ms. Kerr is a distributee of plaintiff's estate. For Ms. Kerr to be substituted, she must demonstrate that she is a distributee of her spouse's estate and that the estate has been distributed without probate, or that she has been appointed administrator or executor of her spouse's estate.

## **Conclusion**

Accordingly, plaintiff's motion for substitution (ECF No. 10) is **denied** with leave to renew upon the filing of the necessary supplemental documentation on or before **December 23, 2019**.

**IT IS SO ORDERED.**

Dated: November 21, 2019
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court