UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KERRY HERR o/b/o CAROLYN JUNE GREIS (dec'd),

      Plaintiff,

    v.                                     **DECISION AND ORDER**
                                                    19-CV-815S

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.
_____

    1.    Plaintiff Kerry E. Herr brings this action pursuant to the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security that denied her late spouse, Carolyn June Greis ("Claimant"), applications for supplemental security income and disability insurance benefits under Titles II and XVI of the Act. (Docket No. 1.) This Court has jurisdiction over this action under 42 U.S.C. § 405(g).

    2.    Claimant protectively filed her applications with the Social Security Administration on November 25, 2015. Claimant alleged disability beginning October 7, 2015, due to osteoarthritis of the left and right knees, status-post bilateral total knee replacement surgery; chronic obstructive pulmonary disease ("COPD"); atrial fibrillation/congestive heart failure; degenerative disc disease of the cervical and lumbar spine, with radiculopathy; osteoarthritis of the right shoulder and both hips, status-post total hip replacement surgery on left. (R. at 16.) She also claimed impairments deemed by the administrative law judge ("ALJ") to be non-severe impairments: chronic kidney disease and hypokalemia; anxiety and depression (R. at 16-17.) Claimant's applications were denied, and she thereafter requested a hearing before an ALJ.

3. On May 1, 2018, ALJ Paul Georger held a hearing at which Claimant—represented by counsel—and Vocational Expert Coleman Cosgrove appeared and testified. (R.[1] at 13, 87-123.) At the time of the hearing, Claimant was 57 years old. (R. at 92.)

4. The ALJ considered the case *de novo* and, on July 11, 2018, issued a written decision denying Claimant's applications for benefits. After the Appeals Council denied Claimant's request to review the ALJ's decision, she filed the current action, challenging the Commissioner's final decision.[2] (Docket No. 1.)

5. Both parties moved for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. (Docket Nos. 11, 18.) Claimant died on July 29, 2019, and Plaintiff moved to substitute for Claimant, see 42 U.S.C. § 404(d)(2). (Docket Nos. 10, 14.) This Court eventually substituted Plaintiff for Claimant, see Fed. R. Civ. P. 25(a)(1). (Docket No. 15, Order of Dec. 28, 2019.) Plaintiff then filed a response on February 28, 2020 (Docket No. 19), at which time this Court took the motions under advisement without oral argument. For the reasons that follow, Plaintiff's motion (Docket No. 11) is **granted**, and Defendant's motion (Docket No. 18) is **denied**.

6. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v.

---

[1] Citations to the underlying administrative record are designated as "R."

[2] The ALJ's July 11, 2018, decision became the Commissioner's final decision on this matter when the Appeals Council denied Claimant's request for review on April 16, 2019.

Califano, 615 F.2d 23, 27 (2d Cir. 1979).  Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971).  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

7. "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams *ex rel.* Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988).  If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

8. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled under the Act.  See 20 C.F.R. §§ 404.1520, 416.920.  The Supreme Court of the United States recognized the validity of this analysis in Bowen v. Yuckert, and it remains the proper approach for analyzing whether a Claimant is disabled, 482 U.S. 137, 140-142 (1987).

9. The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If [s]he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits [her] physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider [her] disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, [s]he has the residual functional capacity to perform [her] past work. Finally, if the claimant is unable to perform [her] past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also 20 C.F.R. § 404.1520; Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999).

10. Although the claimant has the burden of proof on the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, supra, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step is divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering her physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); see also Heckler v. Campbell, 461 U.S. 458, 460 (1983).

11. The ALJ analyzed Claimant's claim for benefits under the process set forth above. At step one, the ALJ found that Claimant has not engaged in substantial gainful activity since October 7, 2015, the alleged onset date. (R. at 15.) At step two, the ALJ found that Claimant has the following severe impairment: osteoarthritis of the left and right knees, status-post bilateral total knee replacement surgery; COPD; atrial fibrillation/congestive heart failure; degenerative disc disease of the cervical and lumbar spine, with radiculopathy; osteoarthritis of the right shoulder and both hips, status-post total hip replacement surgery on left. Id. at 16. Claimant also had non-severe impairments of chronic kidney disease and hypokalemia; anxiety and depression (R. at 16-17) as well as obesity, testifying at the administrative hearing that she was 5 foot 6 inches tall and weighed 220 pounds (R. at 92) but the ALJ did not consider her obesity in assessing her RFC (No. 11-1 at 26-27). At step three, the ALJ found that Claimant does not have an impairment or combination of impairments that meets or medically equals any impairment(s) listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 16-17.)

12. Next, the ALJ found that Claimant retained the residual functional capacity ("RFC") to perform light exertion work with some limitations, namely:  except lift, carry, push, and pull 20 pounds occasionally, 10 pounds frequently; sit for up to 6 hours in an 8-hour workday; stand for up to 6 hours in an 8-hour workday; walk for up to 6 hours in an 8-hour workday; can climb ramps, stairs, ladders, ropes, or scaffolding occasionally; can occasionally balance and stoop but never kneel, crouch, or crawl; in addition, limited to occasional exposure to humidity, wetness, dust, odors, fumes, pulmonary irritants, extreme cold, and extreme heat.

5

(R. at 18-19.)

13. At step four, the ALJ accepted the vocational expert's finding that Claimant was able to perform any past relevant work as a restaurant manager and workers' compensation manager. (R. at 23.) Accordingly, the ALJ found that Claimant was not disabled. (R. at 23-24.)

14. 42 U.S.C. § 404(d) provides that if a claimant dies before payment of Social Security benefits, such payments can be made to the surviving spouse.

15. Plaintiff argues that the RFC determination is not supported by substantial evidence because she claims the ALJ traversed the treating physician rule by failing to articulate why only partial weight was given to Claimant's treating physician' opinion. (No. 11-1 at 18-24.) Plaintiff also claims that the ALJ failed to consider Claimant's obesity, fatigue, her tolerance for stress, for the frequency of medical treatment in determining the RFC, thus, the RFC was not supported by substantial evidence. (Id. at 25-28.) Finally, Plaintiff claims that the ALJ's step four determination was improper. (Id. at 28-29.) For the reasons that follow, this argument (specifically her first argument) is **ACCEPTED**.

16. The treating physician rule applies to claims filed before March 27, 2017, 20 C.F.R. §§ 404.1527, 416.927 (2017), such as this one. On March 27, 2017, the current version of the SSA regulations eliminates the treating physician's rule for applications filed on or after that date, 20 C.F.R. §§ 404.1520c, 416.920c. E.g., Barco v. Comm'r, 330 F. Supp. 3d 913, 918 n.2 (W.D.N.Y. 2018) (Wolford, J.) (treating physician rule applies for claims filed in December 2013); Tuper v. Berryhill, No. 17CV6288, 2018 U.S. Dist. LEXIS 149125, at *2, 8 & n.2 (W.D.N.Y. Aug. 31, 2018) (Payson, Mag. J.) (treating physician rule applies to claim filed May 2013). The treating physician rule provided that

> A treating physician is entitled to controlling weight if it is well supported by clinical and laboratory techniques and is not inconsistent with other substantial evidence. See 20 C.F.R. § 404.1527; see also Clark v. Comm'r of Soc. Sec., 143 F.3d 115, 118 (2d Cir. 1998) (discussing application of the treating physician rule). Additionally, "the Commissioner 'will always give good reasons'" for the weight given to a treating source opinion. Halloran v. Barnhart, 362 F.3d 28, 32 (2d Cir. 2004) (quoting 20 C.F.R. § 404.1527(d)(2); citing 20 C.F.R. § 416.927(d)(2)). While an ALJ may give less than controlling weight to a treating physician's opinion, he or she must "comprehensively set forth [his or her] reasons for the weight assigned to a treating physician's opinion." Halloran, 362 F.3d at 33. "Those good reasons must be 'supported by the evidence in the case record, and must be sufficiently specific. . . .'" Blakley v. Comm'r of Soc. Sec., 581 F.3d 399, 406 (6th Cir. 2009) (quoting Social Security Ruling ("SSR") 96-2p, 1996 SSR LEXIS 9 at *12, 1996 WL 374188, at *5 (S.S.A. July 2, 1996) [(rescinded 2017)].

Taillon v. Comm'r, No. 17CV6812, 2019 U.S. Dist. LEXIS 53376, at *5 (W.D.N.Y. Mar. 28, 2019) (Telesca, J.).

17.     If the ALJ is not giving the treating physician's opinion controlling weight, the ALJ must determine how much weight, if any, to give it and explicitly consider the frequency, length, nature, and extent of treatment; the amount of medical evidence supporting the opinion; the consistency of the opinion with the remaining medical evidence; and whether the physician is a specialist, Selian v. Astrue, 708 F.3d 409, 418 (2d Cir. 2013) (per curiam) (citing Burgess v. Astrue, 537 F.3d 117, 129 (2d Cir. 2008); 20 C.F.R. § 404.1527(c)(2)); Estrella v. Berryhill, 925 F.3d 90, 95-96 (2d Cir. 2019); see also 20 C.F.R. § 416.927(c)(2)-(6).  These factors are not exclusive, see, e.g., Estrella, supra, 925 F.3d at 95.  The ALJ need not explicitly discuss all these factors so long as there are good reasons for the weight given, Guerra v. Saul, 778 F. App'x 75 (2d Cir. 2019) (summary Order).

7

18. This error is harmless, however, if upon "'a searching review of the record' assures us 'that the substance of the treating physician rule was not traversed,' we will affirm," Estrella, supra, 925 F.3d at 96 (quoting Halloran v. Barnhart, 362 F.3d 28, 32 (2d Cir. 2004) (per curiam)).

19. Aside from "providing less than fully accurate summary of Dr. Sharma's opinion earlier in the decision," Plaintiff argues that the ALJ furnished no evidence inconsistent with Dr. Nisha Sharma's opinion. (No. 11-1 at 20.) The ALJ did not give good reasons for giving less than controlling weight to that treating source's opinion, cf. Estrella, supra, 925 F.3d at 95-96. Defendant responds that any error here was harmless because good reason was given within the decision, id., at 96; Guerra, supra, 778 F. App'x at 77. (No. 18-1 at 16.) Defendant apparently points to the consistency factor to justify partial weight given to Dr. Sharma's opinion (No. 18-1 at 16-17; R. at 23) as the good reason for the weight given.

20. This Court conducted the searching review of the record and the substance of the treating physician rule has been traversed here. The ALJ found that Dr. Sharma's diagnoses were consistent with the medical record, but the limitations were not supported by the evidence (R. at 23), without the ALJ stating how these limitations were inconsistent. This is insufficient reason for rejecting a treating physician's opinion. The ALJ does not show the inconsistency, instead declares the conclusion of the limitations not being supported by the evidence. The only possible source of inconsistency is Dr. Miller's consultative opinion. The ALJ nevertheless needed to consider the other factors before undervaluing the treating physician's opinion. Remand **is warranted here**.

21.     Given this remand required at step three, this Court need not consider Plaintiff's arguments about the determination of Claimant's ability to perform her past relevant work at step four.  Furthermore, upon remand, the ALJ may reconsider the impact on Claimant's obesity on her physical impairments.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 11) is GRANTED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 18) is DENIED.

FURTHER, that the case is REMANDED to the Commissioner of Social Security for further proceedings consistent with this decision.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.


Dated:      May 13, 2020
            Buffalo, New York


                                        s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge