UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KERRY HERR o/b/o CAROLYN G.,

Plaintiff,

v.

**DECISION AND ORDER**

19-CV-815S

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

---

1. Before this Court is the Motion for attorney's fees (pursuant to 42 U.S.C. § 406(b)) by Plaintiff Kerry Herr on behalf of Carolyn G.[1], to recover $14,441.25 (less the refund of $7,499.81 paid as Equal Access to Justice Act, "EAJA," fee award) (Docket No. 25). With the EAJA offset, the actual fee is $7,411.25.

2. Defendant Commissioner of Social Security responded (Docket No. 26), generally without objection. Defendant states that this application Motion is timely (id., Def. Memo. at 2). Defendant insists that Plaintiff refund the EAJA award (id. at 3). Defendant also notes that there appears to be no fraud or overreaching in Plaintiff making her agreement with counsel and the fee amount is below the statutory 25% cap (id. at 4).

3. Defendant defers to this Court consideration of the factors whether the amount claimed is so large as to constitute a windfall (id. at 4-5).

4. Plaintiff brought this action pursuant to the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security that denied

---

[1]In accordance with this Court's Standing Order of November 18, 2020, and consistent with guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, this Decision and Order will identify Plaintiff by first name and last initial.

her applications for disability insurance benefits and supplemental security income under Titles II and XVI of the Act. (Docket No. 1.)

5. On May 13, 2020, this Court granted Plaintiff's Motion for Judgment on the Pleadings (Docket No. 11), denied Defendant's Motion for Judgment on the Pleadings (Docket No. 18), and remanded the claim to the Commissioner (Docket No. 21, 2020 WL 2468415; familiarity is presumed).

6. On July 21, 2020, the parties stipulated to awarding Plaintiff EAJA attorneys' fee (Docket No. 23; see Docket No. 24, Order of July 22, 2020, so ordering the Stipulation). Plaintiff awarded $7,000.00 in EAJA attorneys' fees (Docket No. 23).

7. On October 29, 2021, the administrative law judge issued a fully favorable decision granting Plaintiff's claim in its entirety (Docket No. 25, Pl. Memo. at 3; id., Ex. 2). On March 29, 2022, the Social Security Administration issued a Notice of Award on Plaintiff's Title II claim finding that Plaintiff was entitled to $57,765.00 in Title II past due benefits, including a declaration that $14,441.25 was withheld to pay attorneys' fees (Docket No. 25, Pl. Memo. at 3; id., Ex. 3).

8. Plaintiff now moves for her attorneys to receive $14,441.25 pursuant to § 406(b), with a refund of the EAJA fees already paid (Docket No. 25, Pl. Motion). Plaintiff's counsel states that she spent 36.1 hours in prosecuting this case (Docket No. 25, Ex. 5). Counsel also attached the contingent fee agreement between Plaintiff and counsel's law firm for this representation (id. Ex. 4). Plaintiff's counsel states her hourly rate was $200 (id. Ex. 5). Plaintiff's attorney then argues that the contingency rate of $200 per hour is reasonable because of the risk in pursuing judicial review of the denied Social Security disability claim (Docket No. 25, Pl. Memo. at 9-10).

9. Defendant responds that the Commissioner has no objection to an award under § 406(b) but reminds that this Court must independently determine whether the amount claimed is reasonable (Docket No. 26, Def. Response at 1, 3-5). The Commissioner insists that Plaintiff must refund the EAJA attorney's fee she already received before being awarded § 406(b) fees to avoid duplicate recovery (see id. at 3).

10. "For proceedings in court, Congress provided for fees on rendition of 'a judgment favorable to a claimant,'" Gisbrecht v. Barnhart, 535 U.S. 789, 795, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002) (quoting 42 U.S.C. § 406(b)(1)(A)). "As part of its judgment, a court may allow 'a reasonable fee . . . not in excess of 25 percent of the . . . past due benefits' awarded to the claimant. § 406(b)(1)(A)," id. This fee is payable from the recovered past-due benefits, id. (quoting 42 U.S.C. § 406(b)(1)(A)). Section 406(b) is the "exclusive regime for obtaining fees for successful representation of Social Security benefits claimants," id. at 796, with attorneys committing a criminal offense if they attempt to claim anything more that the authorized amount, id. (Docket No. 21, Pl. Memo. at 3.)

11. Section 406(b) recognizes contingent fee agreements counsel with claimants.

12. Under Federal Rule of Civil Procedure 54(d)(2)(B), the § 406(b) Motion is due 14 days after Plaintiff receives a calculation of past due benefits, Sinkler v. Berryhill, 932 F.3d 83, 90 (2d Cir. 2019). Defendant concedes that this application Motion is timely (Docket No. 26, Def. Memo. at 2). Plaintiff's application thus is timely.

13. In Gisbrecht, the Supreme Court held that "§ 406(b) calls for court review of such arrangements ass an independent check, to assure that they yield reasonable results in particular cases," 535 U.S. at 807, with one statutory boundary, that fees over

25 percent are unenforceable, id.; 42 U.S.C. § 406(b)(1)(A). Within the 25 percent boundary "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered," Gisbrecht, supra, 535 U.S. at 807, see id. at 807 n.17 (claimant's attorney bears burden of persuasion that statutory requirements have been met). "Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved," id. at 808. If the attorney is responsible for the delay, the attorney's fee will be reduced to avoid any windfall due to the delay, id. The award also is adjusted relative to the past-due benefits the claimant received, id.

14. To assist this Court to determine the reasonableness of the award, counsel may (as done here, Docket No. 25, Ex. 5) submit a record of hours spent representing Plaintiff.

15. Plaintiff submitted a calculation of her attorney's hourly rate and the hours expended representing him before this Court (id.). Plaintiff's attorney furnished the contingent fee agreements with Plaintiff that Plaintiff agreed to pay 25% of the past-due benefits (id., Exs. 1A, 1B). Thus, under Gisbrecht, the remaining issue is whether the amount claimed is reasonable.

16. Defendant does not oppose Plaintiff's § 406(b) fee award (see Docket No. 26, Def. Response at 3-5), but Defendant merely rests upon this Court's independent review of this application.

17. Upon that independent review, this Court hold that the fees sought here (after refund of the paid EAJA fee award) are reasonable. Applying the elements required

by the Gisbrecht Court, Plaintiff entered a contingent fee arrangement with her counsel (Docket No. 25, Exs. 1A, 1B) agreeing to withhold up to 25% of past due benefits to pay her attorney.

18. Reviewing Plaintiff's counsel's submission (Docket No. 25, Exs. 1A, 1B, 4, 5) listing her time expended in prosecuting Plaintiff's case and when these activities occurred does not show counsel's delay in prosecuting this action.

19. Counsel's claim of 36.1 hours expended (Docket No. 21, Pl. Atty. Decl., Ex. Atty. Decl. ¶ 3) is reasonable given the scope of the record in this case and the issues identified. Plaintiff's objection to the ALJ's findings rested on the inadequate weight given to the opinion of the treating physician under the applicable standards for consideration of medical evidence, Herr o/b/o Carolyn G., supra, 2020 WL 2468415, at *3-4 (Docket No. 21).

20. Plaintiff's counsel argues the contingent nature of Social Security appeals based upon their success rate warrants paying an increased multiplier on a contingency basis for the results achieved (Docket No. 25, Pl. Memo. at 8-9).

21. The Government has not objected to the rate charged, Plaintiff's method of calculation of that contingent fee, or Plaintiff's counsel time expended (see Docket No. 26, Def. Response).

22. The $200 per hour contingent rate now sought is reasonable.

23. The Government cites the Second Circuit precedent determining whether the full amount requested should be rewarded, Wells v. Sullivan, 907 F.2d 367, 372 (2d Cir. 1990), and Fields v. Kijakazi, 24 F.4th 845, 854-56 (2d Cir. 2022) (Docket No. 26, Def. Memo. at 4-5).

24. Applying the Wells factors, the fee amount does not exceed 25% and does not appear to be the product of fraud or overreaching, as conceded by the Government (see Docket No. 26, Def. Memo. at 4).

25. To determine whether the fee award would be a windfall for counsel, the Second Circuit in Fields set forth several factors to consider, Fields, supra, 24 F.4th at 854-56. First is the ability and expertise of the lawyers and whether they were particularly efficient, id. at 854. Plaintiff's counsel has appeared in numerous Social Security appeals and has developed an expertise. This case was handled with minimal delay, with filing submitted consistent with this Court's Local Civil Rules. The only extension of time granted in this case was at the Government's request after Plaintiff filed her Motion for Judgment on the Pleadings (Docket No. 16; see Docket No. 17).

26. Second, this Court is instructed in Fields to consider the nature and length of the professional relationship with Plaintiff. According to counsel's time sheets, Plaintiff met her counsel just prior to filing the Complaint commencing this appeal (Docket No. 25, Ex. 5; see also Exs. 1A, 1B).

27. Third, this Court next considers the satisfaction of Plaintiff. Her counsel succeeded in resulting in a fully favorable decision from the Social Security Administration. As the Circuit Court in Fields noted in that case, 24 F.4th at 855, Plaintiff here has not appeared to object to the request for fees or otherwise renounce her contingent fee arrangement.

28. Fourth, this Court considers the uncertainty of the result in this appeal. As Plaintiff observed (Docket No. 25, Pl. Memo. at 8-9), Social Security appeals have "a significant risk of loss," with federal courts finding for claimants in over 40% of cases.

29. Viewing these factors (separately and collectively, as was done in Fields, supra, 24 F.4th at 856), there is no indication that Plaintiff's counsel would enjoy a windfall for payment of this application

30. Therefore, the claimed fee of $14,441.25 (less refund of the awarded Plaintiff's EAJA fee) is reasonable. Plaintiff's application for attorney's fee (Docket No. 25) from his past-due benefits of $14,441.25 is granted, provided Plaintiff's counsel refund the already awarded EAJA award of $7,000.00.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Attorney's Fees, pursuant to 42 U.S.C. § 406(b), to recover $14,441.25 (Docket No. 25) is GRANTED upon Plaintiff's counsel refunding $7,000.00 already awarded EAJA fees (see Docket No. 23).

SO ORDERED.

Dated: April 22, 2022
Buffalo, New York

s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge